Matter of Brown (2021 NY Slip Op 06688)





Matter of Brown


2021 NY Slip Op 06688


Decided on December 1, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
Supreme Court of the State of New York
Appellate Division: Second Judicial Department
D67860
G/afa

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SYLVIA O. HINDS-RADIX, JJ.


2021-01994

[*1]In the Matter of Ronald Keith Brown, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Ronald Keith Brown, respondent. (Attorney Registration No. 5068648)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 24, 2012.



Catherine A. Sheridan, Hauppauge NY (Elizabeth A. Grabowski of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On March 26, 2021, the Grievance Committee for the Tenth Judicial District served the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service with a notice of petition and a verified petition, both dated January 12, 2021, and duly filed those papers with this Court together with an affidavit of service.
The petition contains three charges of professional misconduct, alleging that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); failed to cooperate with the Grievance Committee in its investigation of a client complaint concerning his professional conduct, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither filed an answer to the verified petition nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served on April 30, 2021, and May 3, 2021, upon the respondent as authorized pursuant to Judiciary Law § 90(6), by means of substituted service. To date, the respondent has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated January 12, 2021, established based upon his default is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON, and HINDS-RADIX, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges in the verified petition dated January 12, 2021, against the respondent, Ronald Keith Brown, established based upon his default is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ronald Keith Brown, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Ronald Keith Brown, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Ronald Keith Brown, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Ronald Keith Brown, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court